TRACY L. WILKISON
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
GREGORY W. STAPLES (Cal. Bar No. 155505)
BENJAMIN D. LICHTMAN (Cal. Bar No. 241135)
BRADLEY E. MARRETT (Cal. Bar No. 288079)
Assistant United States Attorneys
    Ronald Reagan Federal Bldg. & U.S. Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3535/3505
    Facsimile: (714) 338-3708/3561
    E-mail:    greg.staples@usdoj.gov
               benjamin.lichtman@usdoj.gov
               bradley.marrett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 16-00076-JVS |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ANJANETTE LESTER; MOTION FOR DOWNWARD DEPARTURE</u> |
| v. | |
| ANJANETTE LESTER, | Date: October 25, 2021<br>Time: 10:30 a.m. |
| Defendant. | |

The government submits its sentencing position and motion for downward departure for defendant Anjanette Lester.

Dated: October 12, 2021        /s/
                                            GREGORY W. STAPLES
                                            BENJAMIN D. LICHTMAN
                                            BRADLEY E. MARRETT
                                            Assistant United States Attorneys

                                            Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA

## I. INTRODUCTION

The government has no objections to the factual findings in the PSR. For the reasons discussed below, the government recommends a sentence of time served, 12 months of home confinement, 200 hours of community service, and two years of supervised release. The government believes restitution is impractical in this case and therefore does not recommend an order for restitution.

## II. BACKGROUND

On January 10, 2017, defendant pleaded guilty to Count Two of the Indictment, charging her with mail fraud, in violation of 18 U.S.C. § 1341. In her plea agreement, defendant admitted the following facts:

> Beginning in at least October 2007, defendant operated a telemarketing business under the name of Supply Processing Center in Orange County, within the Central District of California. Supply Processing Center sold toner for printers and copiers by cold-calling businesses across the United States. During the sales calls, prospective customers were led to believe they were speaking with their normal supplier of toner. Prospective customers were told there had been a price increase for toner, but if an order was placed that day, the lower price could be locked in. Supply Processing Center was not the prospective customers' regular supplier of toner, and the claimed price increase for toner was not true. In fact, customers were charged up to ten times the retail price for toner.

> On or about October 22, 2007, defendant, as President of Supply Processing Center, Inc., and co-defendant Gilbert N. Michaels, as President of G.N.M. Financial Services, Inc., DBA IDCSERVCO, signed an agreement in which IDCSERVCO provided shipping and fulfillment services for Supply Processing Center. IDCSERVCO billed customers for the toner, and customers mailed payments for the toner to IDCSERVCO. Customers also sent complaints to IDCSRVCO regarding the fraudulent sales practices. In many cases, co-defendant Michaels had the final say in how complaints were resolved. IDCSERVCO paid defendant a percentage on the sales of toner, after withholding a portion in reserve for returns and chargebacks. IDCSERVCO provided Supply Processing Center catalogs containing the maximum prices that co-defendant Michaels would allow various types of toner to be sold for. In some instances, prices were ten times the retail price of toner sold on-line and at office supply stores. In addition, co-defendant Michaels assisted defendant in obtaining a bond required by the State of California for all telemarketing businesses, and provided cash advances to defendant to help him meet payroll and other expenses.
> In furtherance of the scheme, on or about February 12, 2012, defendant caused, and aided and abetted, the mailing of check no. 40332 in the amount of $1,549.56 from victim United Steelworkers in Ashland, Kentucky, to IDCSERVCO for the purchase of toner. In so doing, defendant acted with the intent to defraud.

(ECF 333, Plea Agreement ¶ 15.)

**III. GUIDELINES CALCULATIONS**

The government calculates the Sentencing Guidelines as follows:

Base offense level:      7          U.S.S.G. § 2B1.1(a)
More than 10 victims:   +2          U.S.S.G. § 2B1.1(b)(2)(A)

It is not possible to precisely determine loss in this case, which spanned decades and involved thousands of victims. It is for this reason the government does not believe restitution is practical in this case. However, in accordance with the plea agreement, the government urges the Court to apply a 16-level loss adjustment corresponding to a loss of approximately $1,715,482.14. (Plea Agreement ¶ 17.) This results in an offense level of 22, following a 3-level decrease for acceptance of responsibility. As set forth below, the government moves for an 8-level downward departure based on defendant's substantial assistance, which included her testimony at trial.

Probation has determined that defendant is in criminal history category III. (PSR ¶ 112.) The government has no objection to Probation's calculation of defendant's criminal history. The resulting sentencing range for an offense level 22 and criminal history category III is 51-63 months. Probation notes that a category III overstates the seriousness of defendant's criminal history, which consists mostly of misdemeanors that were drug related, and ended in 2002. (ECF 1287, Rec. ltr. at 5.) Probation recommends a downward departure to criminal history category II. A criminal history category of II and an offense level of 22 result in a sentencing range of 46-57 months. Probation recommends a below Guidelines sentence of 33 months based on the downward departure for


criminal history and a variance based on hardships in defendant's past.  (Rec. ltr. At 1-2.)  The government agrees with both the departure in criminal history and the variance based on defendant's background.

Defendant is subject to an additional five years in prison because the crime involved telemarketing.  18 U.S.C. § 2326.  For the reasons discussed below, the government believes a sentence of time served, 12 months of home confinement and community service satisfies the sentencing goals of 18 U.S.C. § 3353, taking into account defendant's substantial assistance to the government and defendant's history and characteristics.

**IV. GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE**

A. <u>Defendant's Substantial Assistance Warrants a Four-Level Downward Departure</u>

Pursuant to U.S.S.G. § 5K1.1, upon motion of the government, the Court may depart from a guideline sentence to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.  U.S.S.G. § 5K1.1(a) enumerates five factors that the Court may consider to determine the appropriate offense level reduction where a defendant provides such assistance.  The government believes defendant has satisfied the criteria set forth in the guidelines, and, in recognition of that substantial assistance, moves for a downward departure of 8 levels.

Defendant's cooperation was timely.  Defendant entered into a cooperation plea agreement with the government in January 2017, six months after her indictment and two years before trial.  Defendant proffered with the government and testified at trial, where she was

subject to vigorous cross-examination. The government found defendant's information to be truthful, accurate, and complete. While the government does not believe defendant faced any credible threat as a result of her cooperation, the government views her testimony, as well as that of the other sales room owners who testified, as critical evidence in the case.

In sum, defendant's cooperation was useful and timely, and the information she provided contributed significantly to the guilty verdicts against the defendants who proceeded to trial in this case. Accordingly, the government recommends an 8-level departure under Section 5K1.1.

**V.   GOVERNMENT'S SENTENCING RECOMMENDATION**

If the Court grants the government's requested 8-level downward departure and Probation's recommendation for a downward departure to criminal history category II, it will result in an offense level of 14, and a sentencing range of 18-24 months. In its recommendation, Probation varies from a Guidelines range of 46-57 months (assuming criminal history category II) to a sentence of 33 months, the equivalent to a 3-level downward variance. The recommendation is based on defendant's difficult childhood, prior drug use, medical issues and ongoing treatment, and her rehabilitation since her arrest. (Rec. ltr., at 5-6.)

The government agrees that a downward variance is appropriate for the reasons cited by Probation. The government recommends that the Court impose a downward variance of 4 levels to Zone B, and impose a sentence of home confinement, which would allow defendant to continue to receive treatment for her medical conditions.

The USPO finds that defendant is unable to pay a fine. (Rec. ltr. at 1.) The government defers to the USPO's finding.

The government's recommended sentence is sufficient, but not greater than necessary, to address the offense taking into account all the factors the Court must consider under 18 U.S.C. § 3553(a), including defendant's offense conduct, her troubled childhood and ongoing medical issues, and her efforts toward rehabilitation. (PSR ¶¶ 117, et seq.)

The government is mindful that the offense in this case was serious. However, the government believes it was the willingness of the sales room owners to testify that finally put a halt to a conspiracy the plagued small businesses and charities for decades. Civil suits, including suits by the FTC and various state Attorneys General, did not stop the scheme. It was only the criminal convictions in this case that finally did so. The testimony of defendant and the other sales rooms owners was, in the government's view, critical evidence in reaching that goal. Balancing the seriousness of the offense against the value of defendant's cooperation and her personal hardships, the government believes a sentence of home confinement does not fail to account for the seriousness of the offense or the need for a just punishment.

With respect to deterrence, the government does not believe defendant will reoffend. As to general deterrence, the government believes the custodial sentences imposed thus far by the Court for defendants who proceeded to trial further that goal.

**VI. CONCLUSION**

Based on the foregoing, the government recommends that this Court sentence defendant to a sentence of time served, 12 months home confinement, 200 hours of community service, and a two-year term of supervised release with the terms and conditions recommended by the USPO.

7